## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

JOSEPH MICHAEL DEVON ENGEL,       )
                                  )
    Plaintiff,              )
                                  )
    v.                      )       No. 4:20 CV 1807 MTS
                                  )
DESOTO POLICE DEPT., et al.,      )
                                  )
    Defendants.             )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Joseph Michael Devon Engel, an incarcerated person at Missouri Eastern Correctional Center (MECC), for leave to commence this action without pre-payment of the required filing fee. The Court will grant the motion and, for the reasons stated below, will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir.

2

1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it but may consider the plaintiff's other litigious conduct).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible, or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff is a self-represented litigant, currently incarcerated at MECC in Pacific, Missouri. He prepared his handwritten § 1983 complaint on one sheet of notebook paper, following the format of this Court's form Prisoner Civil Rights Complaint. Named as defendants are the following: DeSoto Police Department; City of DeSoto; and Mayor of DeSoto. He brings this action against defendants in their official capacities only.

Plaintiff's allegations are stated in full as follows:

First I am a sovereign citizen. Police stop me for no reason said I had a knife showing all neighbors and I did not they almost broke my arm twisting it behind my back all because he asked if I had a pocket knife I said ya he wanted to see it I pull it out and he almost broke my arm they did same thing to Kim Cook. Everytime they saw me walking they stop harass me, Officer Anderson assaulted me. Sg. Helms was right their [sic].

Plaintiff identifies his injuries as "charges, mental, physiciliy [sic], all that." For relief, plaintiff seeks $600 billion, as week as well as stocks in various companies.

## Discussion

The complaint, one of over 130 cases filed by plaintiff in this District, is subject to dismissal. As noted above, plaintiff brings this action against defendants in their official capacities only.

A suit brought against a municipal official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, an official-capacity suit generally represents a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Under § 1983, a governmental entity is only liable when it is the "moving force" behind the deprivation. *Kentucky*, 473 U.S. at 166. Further, "the entity's policy or custom must have played a part in the violation." *Hafer*, 502 U.S. at 25.

Plaintiff's official-capacity claims against the Mayor of DeSoto, must be treated as a claim against the City of DeSoto. The Mayor's Office, the City of DeSoto and the Jail, who are all defendants in this action, are departments or subdivisions of local government, they are not entities subject to suit. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (departments

4

or subdivisions of local government are "not juridical entities suable as such"); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"). Thus, the official capacity claims against the defendants are subject to dismissal.

Even if the Court were to construe the official capacity claims as brought against the relevant municipality, Jefferson County, and substitute it as defendant, the complaint still fails to state a claim of municipal liability. Plaintiff has not alleged any facts linking the municipality's "policy or custom" with the alleged constitutional violations. Therefore, plaintiff's claim against defendants must be dismissed. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).[1]

Furthermore, 42 U.S.C. § 1983 does not allow for supervisory liability. It requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Finally, this action is subject to dismissal because it is malicious. Since filing this action, plaintiff has submitted to this Court a large number of complaints seeking to bring civil rights actions against these defendants and others. Plaintiff submits the pleadings in bulk, and he

---

[1]Additionally, although it appears plaintiff is attempting to assert a Fourth Amendment claim of excessive force incident to his arrest in this action, *Thompson v. City of Monticello, Ark.*, 894 F .3d 993, 998 (8th Cir. 2018), neither of the officers involved in the arrest have been named as defendants in this lawsuit, let alone named in their individual capacities. Furthermore, plaintiff does not indicate that he suffered an actual injury relating to the events giving rise to his arrest. *See Robinson v. Hawkins*, 937 F.3d 1128, 1135-36 (8th Cir. 2019). He merely claims, in a conclusory fashion without any factual information listed whatsoever, that he felt as if his arm was broken at the time his arm was twisted behind his back.

5

specifies that he intends each set of pleadings to be docketed as an individual civil action.  The nature of those pleadings and plaintiff's claims for damages are roughly the same as those in the instant action.  It therefore appears that this action is part of an attempt to harass these defendants and others by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right. *See Spencer*, 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *see also Tyler*, 839 F.2d 1290 (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits).

Having considered the instant complaint and plaintiff's history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit plaintiff leave to file an amended complaint.  The Court will therefore dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).  As this Court has previously warned in plaintiff's other lawsuits, plaintiff is cautioned to avoid the practice of repeatedly filing meritless lawsuits.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States **District** Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

6

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel, Doc.

[3] is **DENIED AS MOOT**.

Dated this 23rd day of March, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE